FILED

May 16 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ AlexandraS          DEPUTY

ROBERT BARON
13465 Camino Canada, Suite 106-167
El Cajon, CA 92021
Tel: (619) 966-5377
RBDatadev@Gmail.com
Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STAFF BENEFITS MANAGEMENT INC.; FRANK CRIVELLO; ANTOINETTE BRYANT; MATT DOBRY; and DOES 1-20,<br><br>Defendants. | CASE NO.: **'22CV0691 LL    BLM**<br><br>**COMPLAINT FOR:**<br>**1. CIVIL RIGHTS VIOLATIONS**<br>**2. DISPARATE TREATMENT**<br>**3. HOSTILE WORK ENVIRONMENT**<br>**4. RETALIATION**<br>**5. FAILURE TO PREVENT HARASSMENT, DISCRIMINATION AND RETALIATION**<br>**6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**(JURY TRIAL DEMANDED)** |

COMES NOW, ROBERT BARON ("BARON"), ["plaintiff"] for claims or causes of action against defendants, STAFF BENEFITS MANAGEMENT INC. ("SBMI"), also known as STAFF BENFITS MANAGEMENT ADMINISTRATORS ("SBMA") ["the CORPORATION"], FRANK CRIVELLO ("CRIVELLO"), ANTOINETTE BRYANT ("BRYANT") and MATT DOBRY ("DOBRY") and alleges as follows:

## **PARTIES**

1.  Plaintiff, ROBERT BARON ("plaintiff"), is now and was at all times mentioned herein a natural person and was an employee of the defendants as a SQL Query Writer at defendants' location at 2365 Northside Drive, Suite 575, San Diego, CA 92108, in the City of San Diego, County of San Diego, State of California.

2.  Plaintiff is informed and believes and based thereon alleges that defendants are now and were at all times mentioned herein a private entity and employer in the County of San Diego, State of California, and subject to the provisions of the Civil Rights Act of 1964 [Title 42 of the United States Code, Section 1981, et seq.] and the California Fair Employment and Housing Act [California Government Code ("GC"), Section 12900, et seq.].

3.  Plaintiff is informed and believes and based thereon alleges that defendant, FRANK CRIVELLO ("CRIVELLO"), who is the owner and chief executive officer of the CORPORATION and is now and was at all times

mentioned herein an employee, agent, representative, "manager" or "supervisor" (within the meaning of GC §12940, et seq.) of the CORPORATION and was at all times mentioned herein acting within the scope of his employment with the CORPORATION in his capacity as such employee, agent, representative, manager or supervisor or owner, and therefore, the CORPORATION is liable and responsible to plaintiffs for the willful and unlawful acts of FRANK CRIVELLO as alleged herein.

4. Plaintiff is informed and believes and based thereon allege that defendant, ANTOINETTE BRYANT ("BRYANT"), who is a sister of CEO FRANK CRIVELLO and the Head of human resources at the CORPORATION, is now and was at all times mentioned herein an employee, agent, representative, "manager" or "supervisor" (within the meaning of GC §12940, et seq.) of the CORPORATION and was at all times mentioned herein acting within the scope of her employment with the CORPORATION in her capacity as such employee, agent, representative, manager or supervisor, and therefore, the CORPORATION is liable and responsible to plaintiff for the willful and unlawful acts of ANTOINETTE BRYANT as alleged herein.

5. Plaintiff is informed and believes and based thereon allege that defendant, MATT DOBRY ("DOBRY"), who is the Head of technical services at the CORPORATION, and is now and was at all times mentioned herein an employee, agent, representative, "manager" or "supervisor" (within the meaning of

GC §12940, et seq.) of the CORPORATION and was at all times mentioned herein acting within the scope of his employment with the CORPORATION in his capacity as such employee, agent, representative, manager or supervisor, and therefore, the CORPORATION is liable and responsible to plaintiffs for the willful and unlawful acts of DOBRY as alleged herein.

6. Plaintiff designates herein DOES 1 to 20, whether individual, corporate or otherwise, as defendants who plaintiff may hereinafter have a cause of action against by way of this complaint, but whose true names and capacities are not yet known to plaintiff. If the true names and capacities of such DOE defendants should become known to plaintiff, plaintiff will amend this complaint accordingly.

## JURISDICTION AND VENUE

7. Plaintiff restates and incorporates herein by reference all paragraphs previously set forth and alleges as follows:

8. This Court has original jurisdiction over this action pursuant to 42 U.S.C. § 1983. Further, this Court has supplemental jurisdiction over plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

9. Plaintiff filed a complaint for discrimination, retaliation and related claims with the Equal Employment Opportunity Commission ("EEOC") on or around May 12, 2020. Plaintiff received EEOC's "Right-to-Sue" letter against defendants on February 14, 2022 [Exhibit "A"].

10. From plaintiff's very first day on the job on January 27, 2020, to April 14, 2020, the day plaintiff was terminated, plaintiff alleges because of his Asian race, age (54), ethnicity and national origin (Pakistan), was willfully and unlawfully discriminated against, harassed, disparaged, retaliated against and/or have suffered from the failure to prevent the foregoing willful and unlawful acts as follows:

11. Plaintiff was interviewed for the position by MATT DOBRY ("DOBRY"), the Head of technical services for the CORPORATION via remote video and had never met the plaintiff in person until plaintiff's first day on the job. On the first day, upon realizing that plaintiff was not a U.S. born Caucasian citizen, DOBRY made derogatory, discriminating, and harassing remarks and references to plaintiff's national origin and race. DOBRY asked the plaintiff when he immigrated to the U.S. and why. DOBRY then stated that the "guy" in plaintiff's position before him (Kevin Lee) was also Asian and that he had "fired that Asian too".

12. Later that day, DOBRY gave plaintiff an impromptu "technical test", which the plaintiff passed. A few days later, DOBRY gave the plaintiff another "technical test" while he monitored the plaintiff. Plaintiff once again passed with a high score. A few days later, DOBRY gave the plaintiff yet another project as a "technical test" and took the plaintiff off of all of his normal day to day routine tasks. Plaintiff once again passed the "technical test" as confirmed by DOBRY. All

these "technical tests" were nothing more than efforts by DOBRY to create a pretext to fire the plaintiff for not having the requisite knowledge for the position and no one else was given those tests.

13. Also on plaintiff's first day, DOBRY introduced the plaintiff to the chief financial officer Juan Chavez who commented "we really should hire younger" and DOBRY and Chavez both laughed.

14. On February 28, 2020, DOBRY falsely accused the plaintiff of "missing" a phone meeting. Plaintiff did not miss the meeting and was merely a minute late getting on the phone call. Plaintiff had even informed DOBRY that plaintiff had to take care of a personal matter during his lunch break and may be a little late for the meeting. Additionally, plaintiff worked his usual 13-hour day without any more breaks. Yet, DOBRY demeaned the plaintiff in front of others on the meeting and stated that he "would need to keep a leash on you" to the plaintiff.

15. Also on February 28, 2020, DOBRY launched a verbal attack on the plaintiff and demeaned his technical knowledge and that, when he hired the plaintiff, he had in his mind that plaintiff could "teach" DOBRY database programming but "that is not going to happen". DOBRY also mocked plaintiff's answers in the interview regarding technical knowledge and accused him of lying in the interview. Then DOBRY threatened plaintiff's job and told him that he "will just have to see how things go". This was despite the fact that plaintiff delivered on every project that DOBRY assigned to him even including projects that were far

outside plaintiff's job responsibilities. Additionally, plaintiff had earned two undergraduate and two graduate degrees and was much more skilled and knowledgeable than DOBRY, a high school graduate in his early thirty's (30's).

16. On March 2, 2020, plaintiff was given his 30-day evaluation by DOBRY and ANTOINETTE BRYANT ("BRYANT") and DOBRY again falsely accused plaintiff of "missing" two meetings in two days. Plaintiff had not missed any meetings and it was quite apparent that the evaluation included pretextual excuses to put the plaintiff in a bad light by DOBRY. Plaintiff's corrective statements regarding DOBRY's false accusation were not included in the evaluation and plaintiff was not given a copy of his signed evaluation. The 30-day evaluation contained no negative comments regarding plaintiff's job performance or his knowledge or skills.

17. In mid-March 2020, DOBRY instructed the plaintiff to conduct interviews for a technician, a position that was to work under plaintiff's supervision. Rather than selecting the most qualified candidate, DOBRY instructed the plaintiff to select a particular U.S. born citizen, Caucasian male in his early twenties named Phil Lapat for the position.

18. DOBRY and BRYANT hired the individual (Phil) based on his race, national origin and age with no regard for his qualifications which were severely lacking for the position. Phil also failed his pre-employment drug test and was hired regardless and was repeatedly tardy beginning with his first day on the job.

1
2
3
4
5
6
7
8

19. In late-March 2020, CRIVELLO, the CORPORATION'S chief executive officer made a discriminatory comment to the plaintiff that plaintiff had "too many grey hair" and CRIVELLO and DOBRY laughed. At age 54, the plaintiff was most likely the CORPORATION'S oldest employee by a great margin. The CORPORATION'S employees were mostly female and mostly in their early twenties.

9
10
11
12
13
14

20. On March 26, 2020, plaintiff was given his 60-day evaluation and the evaluation did not contain any negative remarks whatsoever about plaintiff's skill set or that his job performance was lacking in any way. Instead of supervising the new hire Phil, plaintiff was demoted to "cross-training" with him. Plaintiff was also removed from any evaluations regarding Phil.

15
16
17
18
19
20
21

21. In early and mid-April 2020, DOBRY enlisted other employees of the CORPORATION including Stephanie Aldrete, claims manager at the CORPORATION, and Art Sanchez, programmer and DOBRY'S community college teacher, to join DOBRY in creating a false narrative regarding plaintiff's job skills and created a further hostile work environment for the plaintiff.

22
23
24
25

22. On April 14, 2020, DOBRY once again removed the plaintiff from his core responsibilities and assigned him to work on work that was unrelated to his skills and responsibilities.

26
27
28

23. At 10:25 AM on April 14, 2020, plaintiff emailed BRYANT and copied CRIVELLO and Tricia Crivello, sister of FRANK CRIVELLO and the

chief operating officer of the CORPORATION, that plaintiff needed to talk to BRYANT. CRIVELLO never even responded to plaintiff.

24. At 10:35 AM on April 14, 2020, BRYANT responded to plaintiff that her phone had "gone crazy" and she was updating it and will give the plaintiff once finished. BRYANT ended the email with a smiley face emoji and no indication that plaintiff was being terminated.

25. At 11:07 AM on April 14, 2020, plaintiff sent BRYANT an email asking for help due to DOBRY'S improper and hostile behavior over the previous several months.

26. At 1:23 PM on April 14, 2020, BRYANT called the plaintiff and plaintiff further explained to BRYANT the discriminatory, harassing, and hostile environment that plaintiff had been subjected to. The call lasted almost nineteen (19) minutes and BRYANT asked the plaintiff to send her a follow-up write-up. BRYANT never mentioned that plaintiff was being terminated or anything even remotely related to that possibility.

27. At 5:10 PM on April 14, 2020, plaintiff emailed BRYANT a write-up as a follow-up as she had requested, to the phone call reporting the discrimination, harassment, and hostile environment that he had been subjected to.

28. At 5:54 PM on April 14, 2020, plaintiff texted BRYANT that his work computer access was denied.

29. At 5:59 PM on April 14, 2020, BRYANT called the plaintiff and terminated him in retaliation to his reporting of discrimination, harassment, and hostile environment. Plaintiff asked for any termination reason and BRYANT stated that plaintiff's skills were not up to par. Plaintiff asked BRYANT if she could provide even a single example of any project or assignment that plaintiff had not delivered, and BRYANT stated that she could not.

## CLAIMS AND CAUSES OF ACTION

### FIRST CLAIM OR CAUSE OF ACTION
### (Civil Rights Violations Against the CORPORATION)

30. Plaintiff restates and incorporates herein by reference all paragraphs previously set forth and realleges as follows:

31. Plaintiff alleges that, in violation of 42 U.S.C. § 1981, and more specifically, 2000e, et seq., as well as GC § 12940 et seq., the CORPORATION, by way of the intentional conduct of DOBRY, BRYANT and CRIVELLO, who were acting in performance of their official duties as manager, supervisor or owner of the CORPORATION wherein plaintiff was employed, wrongfully discriminated against the plaintiff with respect to his compensation, terms, conditions and/or privileges of employment because of plaintiff's race, age, color and national origin, as herein above alleged, and limited, segregated and/or classified plaintiff (in his role as employee of the CORPORATION) in ways that deprived the plaintiff of employment opportunities, including, but not limited to subjecting plaintiff to

adverse employment actions, such as reduced or unfavorable supervisory role and termination from employment, as herein above alleged under Paragraphs 10 through 29 (all related sub-paragraphs).

32. Plaintiff alleges that as a proximate result of the above alleged violations of plaintiff's civil rights by DOBRY, BRYANT and CRIVELLO, on behalf of the CORPORATION, plaintiff has been harmed; and the conduct of DOBRY, BRYANT and CRIVELLO, on behalf of the CORPORATION, was a substantial factor in causing plaintiff's harm.

33. As a proximate result of the wrongful and intentional acts of the CORPORATION, by way of the conduct of DOBRY, BRYANT and CRIVELLO, as herein above alleged, plaintiff has suffered and continues to suffer humiliation, annoyance, embarrassment, fright, loss of reputation, severe stress and mental pain and anguish; and have further caused plaintiff to suffer damages, including, but not limited to loss of earnings and diminished earning capacity, according to proof.

34. As a legal result of the deliberate, outrageous, and despicable conduct of the CORPORATION, by way of the conduct of DOBRY, BRYANT and CRIVELLO, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each said defendants' wrongful, intentional, reckless and/or malicious acts, sufficient to punish and deter future similar reprehensible conduct.

## SECOND CLAIM OR CAUSE OF ACTION

### (Disparate Treatment Against the CORPORATION)

35. Plaintiff restates and incorporates herein by reference all paragraphs previously set forth and reallege as follows:

36. Plaintiff alleges that, in violation of GC §12940(a), the CORPORATION, by way of the conduct of DOBRY, BRYANT and CRIVELLO, a manager, supervisor or owner of the CORPORATION wherein plaintiff was employed, willfully and unlawfully discriminated against the plaintiff, by making derogatory discriminating, disparaging and harassing comments about plaintiff's race, national origin and age as herein above alleged under Paragraphs 10 through 29 (all related sub-paragraphs), and subjected the plaintiff to adverse employment actions, such as reduced or unfavorable supervisory role and termination from employment, as herein above alleged under Paragraphs 10 through 29 (all related sub-paragraphs).

37. Plaintiff further alleges that plaintiff's race, ethnicity, national origin and age was a substantial motivating reason for the above-described disparate treatment of plaintiff, which has caused plaintiff harm; and the conduct of DOBRY, BRYANT and CRIVELLO, on behalf of the CORPORATION, was a substantial factor in causing plaintiff's harm.

38. As a proximate result of the willful and unlawful acts of the CORPORATION, by way of the conduct of DOBRY, BRYANT and CRIVELLO,

as herein above alleged, plaintiff has suffered and continues to suffer humiliation, annoyance, embarrassment, fright, loss of reputation, severe stress and mental pain and anguish; and have further caused plaintiff to suffer damages, including, but not limited to loss of earnings and diminished earning capacity, according to proof.

39. As a legal result of the deliberate, outrageous, and despicable conduct of the CORPORATION, by way of the conduct of DOBRY, BRYANT and CRIVELLO, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each said defendant's wrongful, intentional, reckless and/or malicious acts, sufficient to punish and deter future similar reprehensible conduct.

## THIRD CLAIM OR CAUSE OF ACTION
### (Retaliation Against All Defendants)

40. Plaintiff restates and incorporates herein by reference all paragraphs previously set forth and reallege as follows:

41. Plaintiff alleges that, in violation of GC §12940(h), DOBRY, BRYANT and CRIVELLO, managers, supervisors or owners of the CORPORATION wherein plaintiff was employed, willfully and unlawfully retaliated against plaintiff, for making or lodging complaints against DOBRY through BRYANT and CORPORATION'S human resource department, in connection with the conduct of DOBRY, as herein above alleged, which subjected the plaintiff to adverse employment actions, such as reduced or unfavorable

supervisory role and termination from employment, as herein above alleged under Paragraphs 10 through 29 (all related sub-paragraphs).

42. Plaintiff further alleges that plaintiff's Asian race, ethnicity, national origin of Pakistan and age of 54 or because plaintiff made or lodged complaints against DOBRY was a substantial motivating reason for the above-described retaliation against the plaintiff, which has caused plaintiff harm; and the conduct of DOBRY, BRYANT and CRIVELLO, on behalf of the CORPORATION, was a substantial factor in causing plaintiff's harm.

43. As a proximate result of the willful and unlawful acts of defendants, and each of them, as herein above alleged, plaintiff has suffered and continues to suffer humiliation, annoyance, embarrassment, fright, loss of reputation, severe stress and mental pain and anguish; and have further caused plaintiff to suffer damages, including, but not limited to loss of earnings and diminished earning capacity, according to proof.

44. As a legal result of the deliberate, outrageous, and despicable conduct of defendants, and each of them, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each said defendant's wrongful, intentional, reckless and/or malicious acts, sufficient to punish and deter future similar reprehensible conduct.

## FOURTH CLAIM OR CAUSE OF ACTION
### (Hostile Work Environment Against All Defendants)

45. Plaintiff restates and incorporates herein by reference all paragraphs previously set forth and realleged as follows:

46. Plaintiff alleges that, in violation of GC §12940(j), plaintiff was subjected to unwanted harassing conduct by DOBRY, BRYANT and CRIVELLO, a manager or supervisor of the CORPORATION, because of his race, ethnicity and national origin or because of his age, which was severe and pervasive that plaintiff considered the work environment to be hostile or abusive and a reasonable person in plaintiff's circumstances would have considered the work environment to be hostile or abusive; and CRIVELLO, the purported manager or supervisor or BRYANT knew or should have known of said harassing conduct and failed to take immediate and appropriate corrective action, which has caused plaintiff's harm; and the conduct of DOBRY, BRYANT and CRIVELLO, on behalf of the CORPORATION, was a substantial factor in causing plaintiff's harm.

47. As a proximate result of the willful and unlawful acts of defendants, and each of them, as herein above alleged, plaintiff has suffered and continues to suffer humiliation, annoyance, embarrassment, fright, loss of reputation, severe stress and mental pain and anguish; and have further caused plaintiff to suffer damages, including, but not limited to loss of earnings and diminished earning capacity, according to proof.

48. As a legal result of the deliberate, outrageous, and despicable conduct of defendants, and each of them, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each said defendant's wrongful, intentional, reckless and/or malicious acts, sufficient to punish and deter future similar reprehensible conduct.

## FIFTH CLAIM OR CAUSE OF ACTION
### (Failure to Prevent Harassment, Discrimination and Retaliation Against the CORPORATION)

49. Plaintiff restates and incorporates herein by reference all paragraphs previously set forth and reallege as follows:

50. Plaintiff alleges that, in violation of GC §12940(k), plaintiff was subjected to harassment, discrimination and retaliation, as herein above alleged, in the course of his employment with the CORPORATION; and the CORPORATION failed to take all reasonable steps to prevent the harassment, discrimination and retaliation, which has caused plaintiff harm; and the failure to take all reasonable steps to prevent the harassment, discrimination and retaliation was a substantial factor in causing plaintiff's harm.

51. As a proximate result of the unlawful acts of the CORPORATION, as herein above alleged, plaintiff has suffered and continues to suffer humiliation, annoyance, embarrassment, fright, loss of reputation, severe stress and mental pain and anguish; and have further caused plaintiff to suffer damages, including, but not limited to loss of earnings and diminished earning capacity, according to proof.

1
2

## SIXTH CLAIM OR CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress Against DOBRY, BRYANT, and CRIVELLO)

3
4

52. Plaintiff restates and incorporates herein by reference all paragraphs

5

previously set forth and reallege as follows:

6

53. Plaintiff alleges that the willful and unlawful conduct of DOBRY,

7
8

BRYANT and CRIVELLO, as herein above alleged, was extreme and outrageous,

9

and by way of said conduct, DOBRY, BRYANT and CRIVELLO intended to

10

cause plaintiff emotional distress or acted with reckless disregard of the probability

11
12

that plaintiff would suffer emotional distress, knowing that plaintiff was present

13

when the conduct occurred.

14

54. Plaintiff alleges that plaintiff has suffered and continues to suffer

15
16

severe emotional distress and said conduct of DOBRY, BRYANT and

17

CRIVELLO, as herein above alleged, was as a substantial factor in causing

18

plaintiff's severe emotional distress.

19

55. As a proximate result of the severe emotional distress caused by

20

21

DOBRY, BRYANT and CRIVELLO, as herein above alleged, plaintiff has

22

suffered and continues to suffer damages, according to proof.

23

56. As a legal result of the deliberate, extreme, outrageous and despicable

24

25

conduct of DOBRY, BRYANT and CRIVELLO, as herein above alleged, plaintiff

26

is entitled to recover punitive and exemplary damages in an amount commensurate

27
28

1  with each said defendant's wrongful, intentional and/or reckless acts, sufficient to

2  punish and deter future similar reprehensible conduct.

3
## **PRAYER FOR RELIEF**
4

5       WHEREFORE, plaintiffs pray for judgment against defendants as

6       follows:

7
        1. For general damages, according to proof;
8

9       2. For compensatory damages pursuant to 42 U.S.C. §1981 or §1981a,

10      GC §12940, et seq. and any other applicable laws or statutes;

11
        3. For punitive damages, according to proof and pursuant to 42 U.S.C.
12

13      §1981 or §1981a, and any other applicable laws or statutes;

14      4. For attorneys' fees (potential) and costs of suit pursuant to GC §12940,

15      et seq. and any other applicable laws or statutes; and
16

17      5. For any other such damages and relief as the Court deems just and

18      proper.

19
## **DEMAND FOR JURY TRIAL**
20

21      Plaintiff hereby demands a trial by jury on all claims or causes of action so

22  triable pursuant to 42 U.S.C. §1981a(c) and F.R.C.P., Rule 38.

23  Dated: May 16, 2022

24

25

26                       Robert Baron, MS, RHIA, Plaintiff

27

28