UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARON,<br><br>                    Plaintiff,<br><br>v.<br><br>STAFF BENEFITS MANAGEMENT, INC., et al.,<br><br>                    Defendants. | Case No.: 22cv691-LL-DDL<br><br>**ORDER:**<br>**(1) DENYING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS; and**<br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF Nos. 1, 7]** |

On May 16, 2022, Plaintiff Robert Baron filed this civil action against defendants Staff Benefits Management, Inc. ("SBM"), Frank Crivello, Antoinette Bryant, Matt Dobry, and against Doe Defendants 1-20 [ECF No. 1] together with a motion to proceed in forma pauperis ("IFP") [ECF No. 2], a motion to appoint counsel [ECF No. 3], and a motion requesting to file litigation by vexatious litigant [ECF No. 4]. On October 11, 2022, the Court denied Plaintiff's IFP motion due to the lack of particularity, definiteness and certainty in the information provided, dismissed his case without prejudice, and dismissed the remaining pending motions as moot, granting Plaintiff thirty days to pay the filing fee or submit a renewed IFP motion to re-open his case. ECF No. 6. Plaintiff then filed a renewed Motion to Proceed IFP, which is currently pending before the Court. ECF No. 7.

Having considered Plaintiff's Complaint, his renewed IFP motion, and the applicable law, the Court (1) **DENIES** Plaintiff's renewed Motion to Proceed IFP; and (2) **DISMISSES** the Complaint without prejudice.

## I.   RENEWED MOTION TO PROCEED IFP

The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). However, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). As such, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo*, 787 F.3d at 1234 (internal citation and quotation marks omitted). Where an IFP applicant is unable or unwilling to verify their poverty, it is within the Court's discretion to make a factual inquiry and deny the IFP motion. *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam).

The Court's prior order denying Plaintiff's initial IFP motion noted that Plaintiff failed to provide his monthly income from employment and that Plaintiff filed inconsistent information about his savings, income, and debts in his IFP motion and motion for appointment of counsel. ECF No. 6 at 3-4. The Court noted that in May 2022, his IFP application stated that he had $55 in a checking account and that his motion for appointment of counsel stated that he had $150 in checking accounts. *Id.* at 3.

Plaintiff's renewed IFP motion states that, at the time of his application in November 2022, he had $2,500 in cash, $632.66 between four bank accounts, and $11,900 in assets comprised primarily of the value of two motor vehicles. ECF No. 7 at 2-3, 7. Plaintiff states that over the twelve months prior to his IFP application, he had an income of $3,405.76 per

month, and that he anticipates a monthly income of $1,460.00 going forward. *Id.* at 2. Plaintiff also states that he relies on student loans to live, and that he received $14,775 in student loans in the past 12 months, which he did not include as income. *Id.* at 7. He states that, between twenty-four credit card accounts, he has a total balance of $26,487 for which he pays approximately $1,300 per month. *Id.* at 7-10. Including rent, utilities, food, laundry, transportation, car insurance, car payments, and credit card payments, Plaintiff's monthly expenses total $4,313.40. *Id.* at 4-5. Plaintiff explains that, in addition to his part-time job at the Alvarado Parkway Institute and his independent-contractor work as an Amazon delivery driver, he has had various short-term jobs and works as a freelance web designer, but his IFP application does not explain the source of funds for his day-to-day expenses; his stated income falls short of his monthly expenses by $2,853.40. *See id.* at 2-7.

In light of Plaintiff's failure to explain how he funds his day-to-day expenses, which exceed his stated income by nearly twice the amount of his income, the Court cannot find that he has alleged his poverty with sufficient particularity, definiteness, and certainty to proceed IFP. *See Escobedo*, 787 F.3d at 1234. According to Plaintiff's filings, he has managed to accumulate somewhere between $482.66 and $577.66 in his personal checking accounts between May and November of 2022, and additionally holds a further $2,500 in cash. Plaintiff asserts that the $2,500 sum, which he received as a student loan refund, "is not 'income'" because he uses the money "to pay rent, bills, and live on while I attend graduate school[,]" and that he does not consider the $14,775 he received in student loans "as 'income' for the purpose of the application to proceed IFP" because he "rel[ies] on student loans in addition to [his] income listed to live." ECF No. 7 at 7. Plaintiff has not included the amount of student loans he has received currently or anticipates receiving in the near future. The Court's role in assessing whether Plaintiff has sufficiently alleged his poverty to is determine whether he can pay Court costs and still afford the necessities of life. As such, money Plaintiff receives from student loans or from a student loan refund and uses to pay living expenses are highly relevant to the Court's inquiry. In any case, given this Court's prior factual inquiry about Plaintiff's finances, Plaintiff's unwillingness

or inability to verify his poverty, and the not-insignificant cash and assets currently held by Plaintiff, the Court finds that Plaintiff is not indigent within the meaning of the IFP statute. Accordingly, Plaintiff's renewed motion to procced IFP [ECF No. 7] is **DENIED**.

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A.   Legal Standard

A complaint filed by any person seeking to proceed IFP is subject to sua sponte dismissal if it is (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). Congress enacted this safeguard because "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In fact, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d 1122). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint's plausibility, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Nonetheless, courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*,

536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading includes a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

This Court construes Plaintiff's pro se pleading liberally, particularly as his Complaint includes civil rights claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Discussion

Plaintiff's claim asserts six separate causes of action (1) for wrongful discrimination under either 42 U.S.C. § 1981, 42 U.S.C. § 2000e et seq., or California Government Code section 12940 et seq.; and for (2) disparate treatment; (3) retaliation; (4) hostile work environment; (5) failure to prevent harassment, discrimination, and retaliation under California Government Code section 12940; as well as (6) intentional infliction of emotional distress under California law. *See* ECF No. 1. Plaintiff's first, second, and fifth causes of action are brought against SBM, the third and fourth causes of action against all Defendants, and the sixth cause of action against Crivello, Bryant, and Dobry.

Construing Plaintiff's Complaint liberally, the Court examines the first cause of action asserted as three separate claims: (1) wrongful termination of a contract based on race discrimination under 42 U.S.C. § 1981; (2) employment discrimination based on race, color, religion, sex, or national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a); and (3) wrongful termination under California Government Code section 12940. ECF No. 1 ¶ 31. The separate claims are discussed in turn below.

#### 1. Section 1981 Claim

Section 1981 of Title 42 dictates that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens[.]" 42

U.S.C. § 1981. For any action brought under § 1981, a plaintiff must initially plead and eventually prove that race was a but-for cause of the loss of a legally protected right. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014, 1019 (2020). In other words, a plaintiff asserting a § 1981 claim must identify an impaired contractual relationship under which they have rights and allege that the defendant(s) impaired that relationship because of their race. *See id.* at 1016; *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 388-89 (1982). Although a complaint in an employment discrimination case need not "contain specific facts establishing a prima facie case of discrimination," it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 911-912 (9th Cir. 2004) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)) (internal quotation marks omitted). In other words, the complaint "requires 'allegations plausibly suggesting (not merely consistent with) racial animus.'" *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1123 n.4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff alleges that he was terminated from employment by SBM "in retaliation to his reporting of discrimination, harassment, and hostile environment." ECF No. 1 ¶ 29. However, the only non-conclusory allegations pertaining to race are that: (1) Dobry asked Plaintiff when and why he immigrated to the United States and stated that he had fired Plaintiff's predecessor at SBM, who was also Asian. *Id.* ¶ 11. Plaintiff's other allegations, primarily about Dobry, pertain to unjustified technical tests, negative comments about Plaintiff's age, unsubstantiated accusations that Plaintiff missed meetings and failed to meet performance standards; and unfavorable work assignments. *Id.* ¶¶ 12-22. In particular, Plaintiff's alleges that Dobry recruited other employees of SBM, not named in the Complaint, to create "a false narrative regarding plaintiff's job skills and . . . a further hostile work environment for the plaintiff" [*id.* ¶ 21] and that upon termination of his employment, Bryant informed Plaintiff that he was terminated because his "skills were not up to par" [*id.* ¶ 29]. Plaintiff alleges that Bryant terminated his employment as retaliation for reporting discriminatory and hostile behavior to her on the same day that he was

terminated. *Id.* ¶¶ 23-29. Plaintiff was employed by SBM from January 27, 2020 until April 14, 2020. *Id.* ¶ 10. During that seventy-eight-day period, Plaintiff has only alleged a single race-related comment that was made on his first day of employment regarding a former employee. *Id.* ¶ 11.

Taken together, the allegations in Plaintiff's Complaint do not plead that race was the but-for cause of his termination, and fails to plausibly suggest racial animus. Plaintiff alleges that Dobry and other employees harassed and mistreated him during the course of his employment, including comments about his age and work performance. However, he alleges that his employment was terminated by Bryant for the stated reason that his skills were insufficient. There are no allegations that Bryant ever harassed or made discriminatory statements to Plaintiff, or that race played any part in Bryant's decision. Although the Court takes Plaintiff's allegations as true, they do not form a plausible claim that Plaintiff's employment was terminated on the basis of his race. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). If Plaintiff wishes to proceed with a section 1981 claim, he must set forth factual allegations which plausibly allege that race was the but-for cause of his termination. *See Comcast Corp.*, 140 S. Ct. at 1014. Accordingly, the Court sua sponte dismisses Plaintiff's section 1981 claim for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 2. Title VII Claim

Title VII prohibits employers from discriminating against any individual because of their "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Title VII and section 1981 are "overlapping, but independent remedies for racial discrimination in employment." *Gay v. Waiters' & Dairy Lunchmen's Union*, 694 F.2d 531, 536 (9th Cir. 1982) (citing *Johnson v. Railway Express Agency*, 421 U.S. 454, 461 (1975)). "Title VII's 'because of' test incorporates the 'simple' and 'traditional' standard of but-for causation," which "is established whenever a particular outcome would not have happened 'but for'

the purported cause." *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1739 (internal citations omitted). As in the context of section 1981 claims, a plaintiff asserting a claim under Title VII need only plead a short and plain statement of their claim upon which relief may be granted, consistent with Rule 8(a) of the Federal Rules of Civil Procedure. *Swierkiewicz*, 534 U.S. at 514. "Even though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting *Swierkiewicz*, 534 U.S. at 512).

As with Plaintiff's section 1981 claim discussed in the preceding section, Plaintiff's Complaint does not plausibly allege that he was discriminated against because of his race, color, religion, sex, or national origin, as provided by Title VII because he has not provided fair notice of the grounds upon which his Title VII claim rests. Plaintiff's allegations primarily revolve around false accusations about Plaintiff's job performance and remarks regarding his age. The only factual allegations relevant to Title VII in Plaintiff's Complaint are Dobry's questioning about the details of Plaintiff's immigration to the United States, which concerns Plaintiff's national origin, and Dobry's comment that he had fired a previous Asian employee, which concerns Plaintiff's race. As detailed above, there are no factual allegations that link these questions and comments by Dobry to Plaintiff's termination by Bryant, and the conclusory allegations that Dobry made derogatory, discriminating and harassing remarks related to Plaintiff's national origin and race, or that he was wrongfully discriminated against based on his race, color, or national origin are insufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)). If Plaintiff wishes to proceed with his Title VII claim, he must set forth factual allegations which allege that his employment would not have been terminated but for the grounds protected by Title VII. Accordingly, the Court sua sponte

dismisses Plaintiff's Title VII claim for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### III. STATE CLAIMS

A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Because the Court has dismissed all claims in the Complaint over which it has original jurisdiction (i.e., Plaintiff's federal claims), the Court declines to exercise supplemental jurisdiction over his remaining state claims. 28 U.S.C. § 1367(c)(3); *see San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (A district court can decline jurisdiction under any of the four provisions of 28 U.S.C. § 1367(c)).

### IV. LEAVE TO AMEND

In light of Plaintiff's pro se status, the Court grants him leave to amend his Complaint in order to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Any amended filing must be complete in itself, without reference to Plaintiff's original complaint. Any claim not re-alleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered waived if not repled).

If Plaintiff fails to pay the $402.00 filing fee in full and file an amended complaint within the time provided, this action will remain dismissed without prejudice pursuant to 28 U.S.C. §§ 1914(a); 1915(e)(2)(B)(ii) and without further order of the Court. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

## V. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's renewed Motion to Proceed IFP [ECF No. 7] is **DENIED**;

2. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B); and

3. Plaintiff is **GRANTED thirty (30) calendar days** from the date of this Order, or in other words, by **Wednesday, March 29, 2023**, to reopen his case by (1) paying the entire $402.00 statutory and administrative filing fee **and** (2) filing an amended complaint which cures the deficiencies of pleading noted in this Order.

**IT IS SO ORDERED**.

Dated:  February 27, 2023

Honorable Linda Lopez
United States District Judge