UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARON,<br><br>         Plaintiff,<br><br>v.<br><br>STAFF BENEFITS MANAGEMENT, INC., et al,<br><br>         Defendants. | Case No.: 22cv691-LL-DDL<br><br>**ORDER GRANTING MOTION TO DISMISS UNDER 12(B)(6) AND 12(B)(1) AND DISMISSING COMPLAINT WITH PREJUDICE**<br><br>**[ECF No. 15]** |

  This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and (12)(b)(1). ECF No. 15. Plaintiff filed an Opposition (ECF No. 16), and Defendants filed a Reply (ECF No. 18). For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss and dismisses Plaintiff's operative complaint with prejudice.

/ / /

## I.   PROCEDURAL HISTORY

On May 16, 2022, Plaintiff Robert Baron, proceeding pro se, filed this civil action against Defendants Staff Benefits Management, Inc. ("SBM"), Frank Crivello, Antoinette Bryant, Matt Dobry, and Doe Defendants 1-20. ECF No. 1. On February 27, 2023, in its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed Plaintiff's original Complaint without prejudice for failure to state a claim upon which relief can be granted. ECF No. 8. The Court granted Plaintiff leave to amend his Complaint if he paid the $402 filing fee. *Id.* at 9. Plaintiff paid his filing fee, and on March 29, 2023, he filed an Amended Complaint. ECF No. 9. On May 2, 2023, Defendants filed the instant Motion to Dismiss which is now pending before the Court. ECF No. 15.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted" – generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a recognizable theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,'…it [does] demand …more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "merely consistent with defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the

complaint, *id.*, or other allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed for lack of subject matter jurisdiction. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When assessing a 12(b)(1) motion to dismiss, "the district court is not restricted to the face of the pleadings, but may review evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

This Court construes Plaintiff's pro se pleading liberally, particularly as his Amended Complaint includes civil rights claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**III.   DISCUSSION**

Almost identical to Plaintiff's original Complaint, Plaintiff's Amended complaint asserts six separate causes of action (1) for wrongful discrimination under either 42 U.S.C. § 1981, 42 U.S.C. § 2000e et seq., or California Government Code section 12940 et seq.; and for (2) disparate treatment; (3) retaliation; (4) hostile work environment; (5) failure to

prevent harassment, discrimination, and retaliation under California Government Code section 12940; as well as (6) intentional infliction of emotional distress under California law. *See* ECF No. 9. All of Plaintiff's causes of action are brought against all Defendants. *See id*.

Defendants' Motion to Dismiss contains two main arguments; first, that "it is clear from the face of the Complaint that all of Plaintiff's claims fail as a matter of law," and second that "[a]ll of Plaintiff's claims are time-barred." ECF No. 15-1 at 2-3. In light of the Court's finding that Plaintiff's Complaint fails to state a claim as a matter of law for the reasons stated herein, it declines to reach Defendants' arguments on the statute of limitations issue and whether Plaintiff's claims are time-barred.

Construing Plaintiff's Amended Complaint liberally, the Court examines the first cause of action asserted as three separate claims: (1) wrongful termination of a contract based on race discrimination under 42 U.S.C. § 1981; (2) employment discrimination based on race, color, religion, sex, or national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a); and (3) wrongful termination under California Government Code section 12940. ECF No. 9 ¶¶ 31-32. The separate claims are discussed in turn below.

### a. Section 1981 Claim

Plaintiff's allegations of wrongful termination of a contract based on race discrimination under 42 U.S.C. § 1981 are substantively the same as the allegations he made in his original Complaint, which this Court dismissed because he had failed to state a claim. *See* ECF No. 8 at 6. As this Court informed Plaintiff in its February 27, 2023 Order, Section 1981 of Title 42 dictates that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981. In order to assert a claim under § 1981, a plaintiff must initially plead and eventually prove that race was a but-for cause of the loss of a legally protected right. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014, 1019 (2020). In other words, a plaintiff asserting a § 1981 claim must identify an impaired

contractual relationship under which they have rights and allege that the defendant(s) impaired that relationship because of their race. *See id.* at 1016; *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 388-89 (1982).

The allegations in Plaintiff's Amended Complaint do not plead race was the but-for cause of his termination, and fail to plausibly suggest racial animus. Almost identical to those in his original Complaint, Plaintiff makes conclusory allegations in his Amended Complaint that he was terminated from employment by SBM "in retaliation to his reporting of discrimination, harassment, and hostile environment." ECF No. 9 ¶ 29. The Court's February 27, 2023 Order dismissed Plaintiff's § 1981 claim for failure to state claim and stated that "the only non-conclusory allegations pertaining to race are that: (1) Dobry asked Plaintiff when and why he immigrated to the United States and stated that he had fired Plaintiff's predecessor at SBM, who was also Asian." ECF No. 8 at 6 (citing Plaintiff's original Complaint ¶ 11). The Court reasoned that the original Complaint contained no allegations that Bryant ever harassed or made discriminatory statements to Plaintiff, or that race played any part in Bryant's decision. ECF No. 8 at 7.

Plaintiff's Amended Complaint remains largely unaltered from the initial pleading. ECF Nos. 1, 9. The few changes in the Amended Complaint are in form, not fact. *Id.* For example, the Amended Complaint alleges all causes of action against all the Defendants, not select Defendants as in the original Complaint. Also, Paragraph 25 of the original Complaint alleged that "plaintiff sent Bryant an email asking for help due to Dobry's improper and hostile behavior over the previous several months." ECF No. 1 ¶ 25. The Amended Complaint slightly modifies this allegation as follows: "[] Plaintiff sent Bryant an email, complaining of and reporting, and asking for help due to discriminatory and harassing behavior due to his race, color and national origin as well as his age, he had suffered over the previous months since he began his employment." ECF No. 9 ¶ 25. The Amended Complaint also adds a new paragraph to the first cause of action for "civil rights violations" alleging that "Defendants colluded and conspired against the Plaintiff and fired the Plaintiff due to his Asian race, non-White color, and non-U.S. nationality after

harassing him throughout his employment as detailed above." *Id.* ¶ 31. Plaintiff alleged in the new paragraph that "[u]pon his termination, Plaintiff asked the Defendants why he was terminated, and Defendant Bryant gave a pretextual excuse of bad performance." *Id.* However, none of the amendments to the operative Complaint allege new facts and still fail to meet the requisite standard to show that race was the but-for cause of Plaintiff's termination. Plaintiff's allegations remain conclusory and speculative, at best.

As with the initial pleading, the only factual allegation that race was a factor in his termination was Dobry's comment regarding a former employee on Plaintiff's first day of employment. *See* ECF No. 8 at 7; *see also* ECF No. 9. This is insufficient for the reasons stated in the Court's previous Order:

> Taken together, the allegations in Plaintiff's Complaint do not plead that race was the but-for cause of his termination, and fail[] to plausibly suggest racial animus. Plaintiff alleges that Dobry and other employees harassed and mistreated him during the course of his employment, including comments about his age and work performance. However, he alleges that his employment was terminated by Bryant for the stated reason that his skills were insufficient. There are no allegations that Bryant ever harassed or made discriminatory statements to Plaintiff, or that race played any part in Bryant's decision. Although the Court takes Plaintiff's allegations as true, they do not form a plausible claim that Plaintiff's employment was terminated on the basis of his race. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

*See* ECF No. 8 at 7. Given Plaintiff's failure to supplement his initial complaint with "factual allegations which plausibly allege that race was the but-for cause of his termination," the Court dismisses Plaintiff's § 1981 claim for failure to state a claim upon which relief may be granted.

### b. Title VII Claim

Title VII prohibits employers from discriminating against any individual because of their "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Title VII and section 1981 are "overlapping, but independent remedies for racial discrimination in employment." *Gay v. Waiters' & Dairy Lunchmen's Union*, 694 F.2d 531, 536 (9th Cir.

1982) (citing *Johnson v. Railway Express Agency*, 421 U.S. 454, 461 (1975)). "Title VII's 'because of' test incorporates the 'simple' and 'traditional' standard of but-for causation," which "is established whenever a particular outcome would not have happened 'but for' the purported cause." *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1739 (2020) (internal citations omitted). As in the context of section 1981 claims, a plaintiff asserting a claim under Title VII need only plead a short and plain statement of their claim upon which relief may be granted, consistent with Rule 8(a) of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). "Even though heightened pleading is not required in discrimination cases, the complaint must still 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting *Swierkiewicz*, 534 U.S. at 512).

Like Plaintiff's original Complaint, Plaintiff's Amended Complaint does not plausibly allege that he was discriminated against because of his race, color, religion, sex, or national origin, as provided by Title VII. Plaintiff has not provided fair notice of the grounds upon which his Title VII claim rests. Plaintiff's allegations primarily revolve around accusations about Plaintiff's job performance and remarks regarding his age. The only factual allegations relevant to Title VII in Plaintiff's Complaint are Dobry's questioning about the details of Plaintiff's immigration to the United States, which concerns Plaintiff's national origin, and Dobry's comment that he had fired a previous Asian employee, which concerns Plaintiff's race. Plaintiff's Amended Complaint adds the fact that Plaintiff's national origin is from Pakistan (ECF No. 9 ¶ 32), but this detail is insufficient to meet Plaintiff's burden. As detailed above, there are no factual allegations that link these questions and comments by Dobry to Plaintiff's termination by Bryant, and the conclusory allegations that Dobry made derogatory, discriminating and harassing remarks related to Plaintiff's national origin and race, or that he was wrongfully discriminated against based on his race, color, or national origin are insufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but not 'show[n]'—'that the pleader is entitled to relief." (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff has failed to set forth factual allegations which allege that his employment would not have been terminated but for the grounds protected by Title VII. Accordingly, the Court also dismisses Plaintiff's Title VII claim for failure to state a claim upon which relief may be granted.

### c. State Claims

A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Because the Court has dismissed all claims in the Complaint over which it has original jurisdiction (i.e., Plaintiff's federal claims), the Court declines to exercise supplemental jurisdiction over his remaining state claims. 28 U.S.C. § 1367(c)(3); *see San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (A district court can decline jurisdiction under any of the four provisions of 28 U.S.C. § 1367(c)).

### d. Leave to Amend

Federal Rule of Civil Procedure 15 states that courts "should freely give leave [to amend] when justice so requires." "But a district court need not grant leave to amend where the amendment (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss – an amended complaint is futile when it would be subject to dismissal." *Woods v. First Am. Title, Inc.*, No. CV111284GHKVBKX, 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011). Here, this case has already been pending for eighteen months and is still in the pleading phase. The Court in its May 2, 2023 Order already gave Plaintiff significant guidance regarding what facts were deficient in the original Complaint, and notwithstanding this guidance, Plaintiff's Amended Complaint still fails to allege any new facts to meet the requisite pleading standard. Accordingly, the Court finds any further amendment at this procedural posture would be futile. The Court declines to grant leave to amend.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Complaint [ECF No. 9] is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE** this case.

Dated:  November 28, 2023

Honorable Linda Lopez
United States District Judge